THE HONORABLE JOHN C. COUGHENOUR

1

2

3

4

5

6

7          UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
8                  AT SEATTLE

9   SECURITIES AND EXCHANGE           CASE NO. C13-0953-JCC
    COMMISSION,
10                                      FINAL JUDGMENT AS TO
11                  Plaintiff,          DEFENDANT PACCAR INC

12        v.

13   PACCAR INC and PACCAR
     FINANCIAL CORP.,
14
                    Defendants.
15

16        The Securities and Exchange Commission ("Commission") having filed a Complaint and

17   Defendant PACCAR Inc ("Defendant") having entered a general appearance; consented to the

18   Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of

19   this Final Judgment without admitting or denying the allegations of the Complaint (except as to

20   jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal

21   from this Final Judgment:

22                                         I.

23        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

24   Defendant's agents, servants, employees, attorneys, and all persons in active concert or

25   participation with them who receive actual notice of this Final Judgment by personal service or

26   otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

FINAL JUDGMENT AS TO DEFENDANT
PACCAR INC
PAGE - 1

13(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13] by failing to file, or by filing or causing to be filed, with the Commission any report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act and the rules and regulations promulgated thereunder, which filed report omits to disclose any information required to be disclosed or such further information, if any, as may be necessary to make the statements, in light of the circumstances under which they were made not misleading.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)], by failing to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of Defendant.

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)], by failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary to permit preparation of financial statements in conformity

1    with generally accepted accounting principles or any other criteria applicable to such statements,

2    and to maintain accountability for assets; (iii) access to assets is permitted only in accordance

3    with management's general or specific authorization; and (iv) the recorded accountability for

4    assets is compared with the existing assets at reasonable intervals and appropriate action is taken

5    with respect to any differences.

6

7                                                IV.

8           IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a

9    civil penalty in the amount of $225,000 to the Securities and Exchange Commission pursuant to

10   Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)].  Defendant shall make this payment

11   within 14 days after entry of this Final Judgment.

12          Defendant may transmit payment electronically to the Commission, which will provide

13   detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly

14   from a bank account via Pay.gov through the SEC website at

15   http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank

16   cashier's check, or United States postal money order payable to the Securities and Exchange

17   Commission, which shall be delivered or mailed to

18          Enterprise Services Center
            Accounts Receivable Branch
19          6500 South MacArthur Boulevard
            Oklahoma City, OK 73169
20

21   and shall be accompanied by a letter identifying the case title, civil action number, and name of

22   this Court; PACCAR Inc as a defendant in this action; and specifying that payment is made

23   pursuant to this Final Judgment.

24          Defendant shall simultaneously transmit photocopies of evidence of payment and case

25   identifying information to the Commission's counsel in this action.  By making this payment,

26   Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part

FINAL JUDGMENT AS TO DEFENDANT
PACCAR INC
PAGE - 3

of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

DATED this 18th day of July 2013.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

FINAL JUDGMENT AS TO DEFENDANT
PACCAR INC
PAGE - 4